UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON O. WINDOM, et al., | Case No. 19-cv-02045-TSH |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |
| NICHOLAS F. BRADY, et al., | |
| Defendants. | |

## I. INTRODUCTION

On April 16, 2019, Plaintiff Cameron O. Windom filed a complaint on behalf of himself, I & O Publishing Co., and Neo-Tech Research Writing Center, alleging First, Fourth and Fifth Amendment violations by various government officials in 1986 and 1990. Compl., ECF No. 1. He also filed an Application to Proceed In Forma Pauperis. Appl., ECF No. 2. For the reasons stated below, the Court grants the in forma pauperis application and finds the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Windom must file an amended complaint that addresses the deficiencies identified in this screening order by May 30, 2019.

## II. BACKGROUND

Windom attempts to bring First, Fourth and Fifth Amendment claims against 49 individuals. His First and Fourth Amendment claims against the defendants are based on his office and home being "[r]ansacked" November 3, 1986 and March 29, 1990. *Id.* at 15. He claims that the defendants "[d]eliberately disrupted our publishing activities. Refusing to return in full our intellectual property and destroyed the only copies of the original manuscripts and other

intellectual works, even after holding them for months." *Id.* Windom asserts the defendants "stole with guns and criminal safecrackers the research funds belonging to over 2100 Research Institute of Biological Immortality (RIBI) members." *Id.* Finally, he claims to have been harmed by the "destructive acts of November 3rd organization" when his biomedical funds, assets and property were "illegally seized by November 3rd elements of IRS." *Id.*

Windom's Fifth Amendment claims are based on the allegation that the defendants "[r]ead and confiscated manuscripts, personal diaries, love letters, and notes of Neo-Tech Research Writing Center." *Id.* at 17. Further, he alleges that the defendants "tried to disrupt a happy relationship within Neo-Tech Research and Writing Center among our members and associates (violation of privacy, human decency, and 5th Amendment)." *Id.*

### III. IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Windom submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the Application that Windom's assets and income are insufficient to enable payment of the fees. *See* Appl. Accordingly, the Court **GRANTS** his Application to Proceed In Forma Pauperis.

### IV. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

**A. Legal Standard**

While the Court has granted Windom's in forma pauperis application, it must also review his complaint to determine whether the action may be allowed to proceed. The Court must dismiss the complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was

made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B. Analysis**

1. **Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662, 680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so, the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry*, 84 F.3d at 1179. Accordingly, even claims that are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

Windom's complaint does not comply with Rule 8 because it does not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint also

fails to state a claim upon which relief can be granted because it does not adequately describe any claim or claims Windom seeks to bring against the defendants and it does not clearly connect any of the facts alleged in the complaint to any of the defendants. In order to comply with Rule 8's pleading requirement, Windom must amend the complaint to state as clearly as possible the facts giving rise to the complaint. Windom must also explain why each named defendant is being sued by making specific factual allegations that connect each defendant with the alleged wrongdoing, and specifically identifying the claims asserted against each defendant.

Accordingly, the Court finds dismissal appropriate because the complaint fails to state a claim upon which relief can be granted. However, given Windom's pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Windom the opportunity to file an amended complaint in conformity with Rule 8.

### 2. **Statute of Limitations and Other FTCA Requirements**

The conduct alleged in the complaint occurred in 1986 and 1990. That means decades have elapsed since Windom's rights were allegedly violated. This may pose a problem for Windom in terms of his claims being time-barred by the statute of limitations. Although a plaintiff generally has no duty to plead around an affirmative defense, when a valid affirmative defense is evident from the face of the complaint, it may be subject to dismissal. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint. . . a defendant can raise that defense in a motion to dismiss."); *see also Clifton v. Houghton Mifflin Harcourt Publishing Co.,* 152 F. Supp. 3d 1221, 1225 (N.D. Cal. 2015) (same).

Although Windom's complaint requires much clarification, the Court assumes that Windom may be attempting to state claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) and/or the Federal Tort Claims Act ("FTCA"). In California, the statute of limitations on a *Bivens* claim is two years. *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991); Cal. Civ. Proc. Code § 335.1.

The statute of limitations under the FTCA is six years, *see* 28 U.S.C. § 2401(a); and in addition, the plaintiff must first present his claim "in writing to the appropriate Federal agency

4

within two years after such claim accrues," 28 U.S.C. § 2401(b); *Winter v. United States,* 244 F.3d 1088, 1090 (9th Cir. 2001) ("Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'") (quoting the statute). If Windom chooses to pursue filing a revised complaint alleging an FTCA claim, he will also have to allege facts demonstrating he exhausted his administrative remedies. Further, the only proper party defendant in an FTCA action is the United States. *Kennedy v. U.S. Postal Serv.,* 145 F.3d 1077, 1078 (9th Cir. 1998) (affirming dismissal of FTCA claims against federal agency and federal official).

Accordingly, if there are any recent events giving rise to any of Windom's claims, he should allege those in an amended complaint. Further, if he has presented his claims to an appropriate federal agency, he should so allege and name the proper defendant in an FTCA claim.

### 3. **Local Rule 3-9(b)**

As a final matter, Windom filed a complaint on behalf of himself, I & O Publishing Co., and Neo-Tech Research Writing Center. It is a longstanding rule that "[c]orporations and other unincorporated associations must appear in court through an attorney." *D–Beam Ltd. Partnership v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004) (citations omitted). This rule applies to limited liability companies and other business entities. *See Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993) ( "As the courts have recognized, the rationale for that rule applies equally to all artificial entities."); *see also* Civ. L.R. 3–9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Thus, while Windom may appear in pro per, I & O Publishing Co. and Neo-Tech Research Writing Center may appear in federal court only through a licensed attorney and may not appear through a non-attorney.

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Windom's Application to Proceed In Forma Pauperis and finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Windom must file an amended complaint addressing the deficiencies identified in this order by May 30, 2019. If Windom does not file a timely an amended complaint, the Court will

recommend this action be dismissed.

Windom may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Windom may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: April 30, 2019

THOMAS S. HIXSON
United States Magistrate Judge