UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON O. WINDOM,<br><br>         Plaintiff,<br><br>v.<br><br>NICHOLAS F. BRADY, et al.,<br><br>         Defendants. | Case No. 19-cv-02045-TSH<br><br>**REPORT & RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE** |

## I.  INTRODUCTION

Plaintiff Cameron O. Windom filed a Complaint and an Application to Proceed In Forma Pauperis ("IFP"). Compl., ECF No. 1; Appl., ECF No. 2. The Court granted Windom's IFP application but ordered him to revise his complaint. Order Granting IFP and Screening Compl. ("Order"), ECF No. 5. On May 30, 2019 he filed a revised complaint removing all previously named plaintiffs aside from himself. Amended Compl., ECF No. 9. For the reasons stated below, the undersigned finds that the amended complaint still fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). As not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a District Judge, with the recommendation that the Amended Complaint be **DISMISSED WITH PREJUDICE**.

## II.  BACKGROUND

The Court screened Windom's initial complaint pursuant to 28 U.S.C. § 1915(e). Order. First, the Court informed Windom that the complaint failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 3 (quoting Federal Rule

of Civil Procedure 8). The Court explained to Windom that the complaint failed to state a claim upon which relief can be granted because it did not adequately describe any claim or claims Windom seeks to bring against the defendants and it did not clearly connect any of the facts alleged in the complaint to any of the defendants. *Id.* at 4. Next, the Court informed Windom that as pleaded, his claims based on conduct from 1986 to 1990 seemed to be time barred by the statute of limitations and laid out the various possibly relevant statutes and their respective statute of limitations requirements. *Id.* Finally, because Windom filed a complaint on behalf of himself, I & O Publishing Co., and Neo-Tech Research Writing Center, the Court informed Windom that per Local Rule 3-9(b) a corporation, unincorporated association, partnership or other such entity needed to appear through a licensed attorney. *Id.* at 5.

On May 30, 2019, Windom filed his revised complaint. Am. Compl. In it, Windom alleges the following specific paragraph against more than 60 Defendants on his own behalf by repeating it over and over for 25 pages:

> 1st amendment right to freedom of belief, conscience and religion [name of defendant] is neocheating and using its underlying tools of mysticism to usurp values from my value producing efforts to society. Im [sic] harmed because mysticism is a disease to my consciousness. Each unit of mysticism blocks further progressive integrations needed to preserve, expand, and create values. Im [sic] also harmed because I remain ensconced stagnantly in the political hoax based on mysticism. It is against my religion of Neo-Tech to accept any forms of mysticism personal, social, business, or political levels on a local, national, and world level.

*Id.* at 17-41.

## III.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

### A.    Legal Standard

A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of

1    the court's discretion under the IFP statute.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

2          To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is

3    an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin*

4    *v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Courts have the authority to

5    dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter

6    jurisdiction.  *Id.* at 1228.  A court can also dismiss a complaint where it is based solely on

7    conclusory statements, naked assertions without any factual basis, or allegations that are not

8    plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v.*

9    *Pardus*, 551 U.S. 89 (2007) (per curiam).

10          Although pro se pleadings are liberally construed and held to a less stringent standard than

11    those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or

12    portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts

13    to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

14    554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] district court should not dismiss a pro

15    se complaint without leave to amend unless it is absolutely clear that the deficiencies of

16    the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

17    2012) (quotations omitted).

18          Judges may "dismiss a claim based on an indisputably meritless legal theory" or a dismiss

19    a claim whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327

20    (1989).  "Although an IFP complaint may not be dismissed simply because the court finds the

21    plaintiff's allegations unlikely, a finding of factual frivolousness is appropriate when the facts

22    alleged rise to the level of the irrational or the wholly incredible." *Allen v. Chapel by the Sea*, No.

23    C18-0026JLR, 2018 WL 488945, at *1 (W.D. Wash. Jan. 19, 2018). For example, the court may

24    dismiss "claims describing fantastic or delusional scenarios." *Denton v. Hernandez*, 504 U.S. 25,

25    32 (1992).

26    **B.**    **Analysis**

27          The crux of Windom's allegations is that Defendants violated his First Amendment rights

28    by using "mysticism" to "usurp" his "value producing efforts to society" and keep him "ensconced

in the political hoax." He argues this is the case because "[t]hose destructive individuals are entangled into a fully integrated honesty (Neo-Tech) ostracism matrix, capable of internizing the net destructiveness of each individual value producer." Am. Compl. at 15. Further, Windom argues that Defendants have been indicted and "put into the fully integrated honesty ostracism matrix" thus making them "liable for justice throught [sic] fully integrated honesty." *Id.* at 16.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662, 680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so, the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Here, Windom's amended complaint is a confusing string of allegations that are a far cry from a short and plain statement of a claim. A putative defendant would not know where to begin in responding, and there is nothing in these allegations that comes close to stating a claim. Windom's pro se status does not relieve him of conformity to the pleading rules. *See, e.g., Romano v. U.S. Army Core of Eng'rs*, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017). The allegations are vague, and the amended complaint lacks sufficient facts to establish a plausible claim for relief. Windom's claims for holding Defendants accountable "for their net destructions

inflicted upon value producers and society" because they are now within the "fully integrated honesty ostracism matrix" are not only lacking facial plausibility but are also frivolous. Although repeatedly stating Defendants are violating his First Amendment rights, he does not state a valid claim for the violation of any provision of the Constitution and does not allege that he individually suffered any injury other than his conclusory allegation that various individuals violated his right to freedom of belief, conscience, and religion by "Neocheating" and inflicting him with "mysticism" which he considers to be a disease to his "consciousness. Am. Compl. at 17.

The Court has already given Windom leave to amend, and his amended complaint remains just as distant from stating a claim as his original complaint was. Therefore, the undersigned concludes that the amended complaint should be dismissed with prejudice because its defects cannot be cured with a further amendment.

## IV. CONCLUSION

As Defendants have not yet consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that Windom's amended complaint be **DISMISSED WITH PREJUDICE**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: June 6, 2019

THOMAS S. HIXSON
United States Magistrate Judge